IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELLY MCMINN; aka CAMILLA/KAYMA, § § Plaintiffs, § VS. § SSD ENTERPRISES, INC.; dba THE RITZ § HOUSTON, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:20-CV-1243 |

## ORDER

Pending before the Court is the Plaintiff Kelly McMinn's Motion for Leave to File a First Amended Complaint. (Doc. No. 24). The Defendants SSD Enterprises, Inc., d/b/a The Ritz Houston and Stephen C. Saxenian (collectively, the "Defendants") filed a response (Doc. No. 25) and the Plaintiff replied (Doc. No. 26). In addition, the Defendants filed a Motion to Strike a document filed with the motion for leave (Doc. No. 27).

The dispute over the motions centered on whether the Plaintiff should be able to add a new opt-in plaintiff Symone Peters under the Fair Labor Standards Act (FLSA). Since then, the Plaintiff filed (Doc. No. 30), and the Court granted (Doc. No. 31), an unopposed motion to dismiss Peters as a plaintiff. Accordingly, both the motion for leave to amend and the motion to strike (Doc. Nos. 24 & 27) are denied as moot.

In addition, the Defendants filed a motion to dismiss for failure to prosecute (Doc. No. 29). This motion was filed less than two months after the Plaintiff's last filing with this Court. After the Defendants' filed the motion, the Plaintiff responded to it (Doc. No. 32), filed the above-mentioned voluntary dismissal of the opt-in plaintiff, and responded to the Defendants' motion for summary judgment (Doc. No. 33). Dismissal for want of prosecution "is appropriate when there

1

is a clear record of delay or contumacious conduct. *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 477 (5th Cir. 1981) (quotations omitted). That clear record does not exist here, and it instead appears to the Court that the Plaintiff is indeed litigating this case. The motion to dismiss (Doc. No. 29) is hereby denied.

Signed at Houston, Texas, this 31st day of August, 2021.

Andrew S. Hanen
United States District Judge